FILED

2017 May-09  PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FILED

2017 MAY -9  A 11: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JONES STEPHENS CORP., an Alabama,) Corporation; ) | |
|     PLAINTIFF, ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | |
| ) | |
| COASTAL NINGBO HARDWARE ) MANUFACTURING CO., LTD.; ) GREAT AMERICAN E&S INSURANCE) CO.; and GEMINI INSURANCE ) COMPANY, ) | **2:17-cv-00748-JHE** |
| ) | |
|     DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Jones Stephens Corp. (hereinafter "Plaintiff"), by and through its undersigned counsel hereby alleges as follows:

## INTRODUCTION

1.    Plaintiff is a wholesale distributor of plumbing specialty products engaged in the marketing and sale of plumbing specialty products to, primarily, wholesale resellers who cater and sell to the professional plumbing trade in the United States.  Coastal Ningbo Manufacturing Co., LTD. is a designer and manufacturer of various plumbing products, some of which it designed, manufactured, sold and shipped to Plaintiff Plaintiff's Moody, Alabama warehouse

for a period of approximately eight and a half years beginning in mid-2007 and ceasing in late 2015.

2.      This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 seeking a declaration that Plaintiff and Coastal Ningbo: A) did have an agreement to cause Plaintiff to be added to Coastal Ningbo's policies of general liability insurance as a named additional insured, whereby causing Plaintiff to be so added under Coastal Ningbo's policies or endorsements issued by Great American and Gemini; and B) do have an agreement whereby Coastal Ningbo agrees to defend, indemnify and hold harmless plaintiff from and against all losses or damage arising out of Plaintiff's distribution and sale of its products.

3.      In addition to seeking declaratory judgment, Plaintiff also seeks to recover all money damages incurred by it, together with any to be incurred by it, and its insurers, arising out of and related to: A) defendants Great American and Gemini's respective obligations to provide a defense for, and indemnify Plaintiff from, liability arising out of Coastal Ningbo's products as required by their respective policies and the agreement between Plaintiff and Coastal Ningbo;  B) defendant Coastal Ningbo's breach of its express obligation to defend and indemnify Plaintiff from and against all loss arising out of its products; and C) defendant Coastal Ningbo's breach of its common law obligation to indemnify Plaintiff from liabilities arising out of Coastal Ningbo's products pursuant to Alabama law.

## PARTIES

4.     Plaintiff, Jones Stephens Corp. ("Jones Stephens") is a Delaware corporation with its principal place of business located at 3249 Moody Parkway, Moody, Alabama 35004.

5.     Defendant, Coastal Ningbo Hardware Manufacturing Co., LTD. ("Coastal Ningbo") is a corporation domiciled in the People's Republic of China located at #28 Tianlongshan Road, Beilun District, Ningbo City, Zhejiang, China.

6.     Defendant, Great American E&S Insurance Company ("Great American") is a Delaware corporation with a principal place of business located at 301 E. Fourth Street, 20th Floor, Cincinnati, Ohio 45202.

7.     Defendant, Gemini Insurance Company ("Gemini") is a Delaware corporation with its principal place of business located at 7233 E Butherus Dr., Scottsdale, Arizona 85260.

## JURISDICTION AND VENUE

8.     Plaintiff brings its Complaint pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1332 based upon complete diversity, amount in controversy in excess of $75,000.00, and actual controversy between the parties.

9.     Plaintiff, Jones Stephens, is an Alabama Corporation with its principal place of business in the State of Alabama.

10.    Defendant, Coastal Ningbo, is a Chinese corporation.

11.    Defendant, Great American, is a Delaware Corporation with principal places of business in Ohio.

12.    Defendant, Gemini, is a Delaware Corporation with principal places of business in Arizona.

13.    Plaintiff and its insurer have to date sustained damages in excess of $75,000.00 without regard to possible future damages.

14.    This Court has personal jurisdiction over Coastal Ningbo based upon its continuous and systematic contacts with the State of Alabama, including the conducting of substantial and systematic business therein through the marketing, sale, and direct shipment of product to Plaintiff's facility in Moody, Alabama.   In addition, Grace Zheng, principal of Coastal Ningbo, solicited Plaintiff at Plaintiff's Alabama facility during the tenure of the business relationship.

15.    This Court has personal jurisdiction over Great American and Gemini as the certificates of insurance indicating the existence of the policies and endorsements under which coverage was conveyed to Plaintiff were delivered to Plaintiff's principal place of business in Moody, Alabama.

16.    Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c).

## FACTS

17.    In or about the spring of 2007, Plaintiff was referred by an existing supplier to Grace Zheng, who at all times before and during Plaintiff's business relationship with Coastal Ningbo, held herself out to be the principal of Coastal Ningbo regarding the potential for adding Coastal Ningbo as a manufacturer for Plaintiff's distribution business.

18.    In or about June of 2007, Plaintiff began purchasing products from Coastal Ningbo.  Plaintiff purchased, primarily, plumbing supply line connectors from Coastal Ningbo.  Specifically, Plaintiff purchased all of the toilet water supply lines with a plastic 7/8-inch ballcock nut sold by it from Coastal Ningbo during the period beginning June 2007 until the business relationship ended in August 2015 (unless otherwise stated, all products sold by Coastal Ningbo to Plaintiff are hereinafter referred to collectively as the "Product").

19.    At all times during the business relationship, Coastal Ningbo specified, engineered, designed, and manufactured the Product.  The Product was sold by Plaintiff under the private label PlumBest™, with Plaintiff providing Coastal Ningbo artwork for its trademark and Coastal Ningbo incorporating said artwork into its Product labels.  Trademark artwork was Plaintiff's only contribution to the specification, engineering, design, and manufacturing of the Product.

20.     At all times during the business relationship Coastal Ningbo shipped its Product to Plaintiff's facility in Moody, Alabama using a combination of common carriers and ocean freight.  Prior to shipment, Coastal Ningbo packaged the Product into boxes by size and type.  Plaintiff received the Product into inventory in its Moody, Alabama warehouse.  Upon receipt of a customer order, Plaintiff would unbox the requested quantity of Product from Coastal Ningbo's packaging and place the lesser quantity of Product into a smaller container or box for shipment to its customers.  No modification or alteration of the Product, of any kind, was undertaken by Plaintiff.

21.     During Plaintiff's very first meeting with Grace Zheng, prior to beginning the business relationship, it was a repeatedly expressed condition precedent to the Purchase of any Products by Plaintiff that Coastal Ningbo maintain domestic United States general liability insurance policy(ies) for its Products sold to Plaintiff.

22.     It was repeatedly expressed orally and in writing to Grace Zheng and other Coastal Ningbo representatives that Plaintiff be a named additional insured therein.  Said requirement, consistent with Plaintiff's vendor policy then and now in effect for all vendors, was communicated to Coastal Ningbo consistently throughout the relationship as well.  Further, payment for the first shipment of Product from

Coastal Ningbo in 2007, and payments made thereafter, were conditioned upon Coastal Ningbo providing confirmation of the same.

23.     Pursuant to such agreement, throughout the course of the relationship, it was the practice of Plaintiff to require, and Coastal Ningbo to provide, updates to its proof of insurance indicating good standing and Plaintiff's status as additional named insured.  Consistently, in the regular course of business, that requirement was transmitted in writing to Coastal Ningbo.

24.     Coastal Ningbo's actions to cause certificates of insurance naming Plaintiff as an additional insured under its policies, to include the Great American and Gemini policies, is clear and convincing evidence of Coastal Ningbo's agreement to provide such insurance.

25.     Defendant Great American, counter to its obligation under its policies, without any reasonable basis, and absent any arguable reason, has systematically and continually denied Plaintiff's request for defense and indemnification for claims involving Coastal Ningbo's Products.

26.     Defendant Gemini has inconsistently upheld its obligations to Plaintiff. In the matter of *Liberty Insurance Corporation a/s/o Steve Armstrong v. Jones Stephens Corp. and Coastal Ningbo Hardware MFG. CO. LTD.*, filed in the United States District Court, Northern District of Texas, Lubbock Division as case number 5:16-cv-00026-C (hereinafter "Armstrong"), Gemini accepted the tender of Plaintiff

and indemnified Plaintiff for both costs of defense and disposition of the matter. In the matter of *State Farm Fire and Casualty Insurance a/s/o James and Andrea Young v. Jones Stephens Corp. et al.* filed in the Court of Common Pleas of Somerset County Pennsylvania as case number 2015-50043 (hereinafter "Young"), to which Coastal Ningbo was not a named party, Gemini undertook its obligation to indemnify Jones Stephens. However, in multiple other claims, meeting the same basic criteria as *Armstrong* and *Young,* Gemini has refused and/or failed to even respond to Plaintiff's tenders for defense and indemnification causing Plaintiff and Plaintiff's insurers to suffer, and continue to suffer, significant damages.

27.     At all times during the business relationship from June of 2007 until 2015, consistent with the written agreement of Grace Zheng, principal of Coastal Ningbo, and Lilian Zhou, its authorized representative, Coastal Ningbo did defend and indemnify Plaintiff from and against claims involving the Products.

28.     In or about August of 2015, Plaintiff was acquired by World and Main, LLC. During the course of the transition post-sale, Plaintiff terminated its business relationship with Coastal Ningbo and ceased buying its Products. Upon information and belief, Coastal Ningbo in light of the terminated business relationship, and in retaliation therefor, repudiated its contractual and legal obligation to defend and indemnify Plaintiff from liability arising out of its Products.

## COUNT I – DECLARATORY JUDGMENT

## (GREAT AMERICAN)

29.   Plaintiff hereby adopts and incorporates paragraphs 1-26 of its Complaint, including all-subparagraphs, as specifically set forth hereinabove.

30.   Plaintiff alleges that a justiciable controversy exists regarding its rights under the applicable policies of insurance which were issued by Great American with respect to Great American's duty and obligation to defend Plaintiff with respect to claims asserted against it relative to the products sold to it by Coastal Ningbo.

31.   Plaintiff is an additional insured under the Great American policies of insurance.

32.   Claims for "bodily injury" and "property damage" which allege an "occurrence" during the respective Great American policy periods have been asserted against Plaintiff.

33.   No applicable portions, terms, provisions, conditions, exclusions, endorsement or other portions of the Great American policies apply to preclude coverage to Plaintiff for such claims.

34.   Plaintiff is entitled to defense and indemnity as an additional insured under the Great American policies of insurance with respect to claims asserted against it relative to the products sold to it by Coastal Ningbo.

35.    Great American has refused to defend and indemnify pursuant to its obligations under the subject policies.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jones Stephens Corp., respectfully requests that this Honorable Court grant the following relief:

36.    That this Court take jurisdiction of this cause;

37.    That this Court order, adjudge, and decree that this is a proper cause for an action of Declaratory Judgment and that there is a bona fide controversy among the parties as to their legal rights, duties, status, and liabilities;

38.    That, upon a final hearing of this cause, this Court will declare the rights, duties, status, and liabilities which Defendant, Great American, owes to Plaintiff under its respective policies of insurance;

39.    That this Court order, adjudge, and decree that Great American is obligated to indemnify Plaintiff for all costs, expenses, attorney's fees, settlements, interest and any and all other damages relative to the product, described in greater detail hereinabove, which were paid by, or caused to be paid on behalf of, Plaintiff.

40.    That this Court order, adjudge, and decree that Great American is obligated to defend and indemnify Plaintiff with respect to future claims against Plaintiff relative to the product, described in greater detail hereinabove.

41.    That this Court award any such other, further, and different relief as Plaintiff may be entitled to by law or equity.

## COUNT II – DECLARATORY JUDGEMENT

## (GEMINI)

42.    Plaintiff hereby adopts and incorporates paragraphs 1-33 of its Complaint, including all-subparagraphs, as specifically set forth hereinabove.

43.    Plaintiff alleges that a justiciable controversy exists regarding its rights under the applicable policies of insurance which were issued by Gemini with respect to Gemini's duty and obligation to defend Plaintiff with respect to claims asserted against it relative to the products sold to it by Coastal Ningbo.

44.    Plaintiff is an additional insured under the Gemini policies of insurance.

45.    Claims for "bodily injury" and "property damage" which allege an "occurrence" during the respective Gemini policy periods have been asserted against Plaintiff.

46.    No applicable portions, terms, provisions, conditions, exclusions, endorsement or other portions of the Gemini policies apply to preclude coverage to Plaintiff for such claims.

47.    Plaintiff is entitled to defense and indemnity as an additional insured under the Gemini policies of insurance with respect to claims asserted against it relative to the products sold to it by Coastal Ningbo.

48.    Gemini has refused and/or failed to uphold its obligation to defend and indemnify pursuant to its obligations under the subject policies.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jones Stephens Corp., respectfully requests that this Honorable Court grant the following relief:

49.     That this Court take jurisdiction of this cause;

50.     That this Court order, adjudge, and decree that this is a proper cause for an action of Declaratory Judgment and that there is a bona fide controversy among the parties as to their legal rights, duties, status, and liabilities;

51.     That, upon a final hearing of this cause, this Court will declare the rights, duties, status, and liabilities which Defendant, Gemini, owes to Plaintiff under its respective policies of insurance;

52.     That this Court order, adjudge, and decree that Gemini is obligated to indemnify Plaintiff for all costs, expenses, attorney's fees, settlements, interest and any and all other damages relative to the product, described in greater detail hereinabove, which were paid by, or caused to be paid on behalf of, Plaintiff.

53.     That this Court order, adjudge, and decree that Gemini is obligated to defend and indemnify Plaintiff with respect to future claims against Plaintiff relative to the product, described in greater detail hereinabove.

54.     That this Court award any such other, further, and different relief as Plaintiff may be entitled to by law or equity.

## COUNT IV – BREACH OF CONTRACT

## COASTAL NINGBO

55.    Plaintiff hereby adopts and incorporates paragraphs 1-40 of its Complaint, including all-subparagraphs, as specifically set forth hereinabove.

56.    A written contract existed between Plaintiff and Coastal Ningbo relative to the provision of the Product.

57.    Pursuant to the written contract, Coastal Ningbo agreed to defend, indemnify, and hold harmless Plaintiff with respect to any and all claims which may be asserted against Plaintiff relative to the Product.

58.    Coastal Ningbo has refused to defend and indemnify Plaintiff with respect to claims which have been asserted against Plaintiff relative to the Product.

59.    Coastal Ningbo's refusal to defend and indemnify Plaintiff with respect to claims which have been asserted against Plaintiff relative to the Product constitutes a breach of contract and Plaintiff has damages as a result of such breach.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jones Stephens Corp., respectfully requests that this Honorable Court grant the following relief:

60.    That this Court take jurisdiction of this cause;

61.    That this Court order, adjudge, and decree that Coastal Ningbo is contractually obligated to indemnify Plaintiff for all costs, expenses, attorney's fees, settlements, interest and any and all other damages relative to the product, described

in greater detail hereinabove, which were paid by, or caused to be paid on behalf of, Plaintiff.

62.     That this Court order, adjudge, and decree that Coastal Ningbo is contractually obligated to defend and indemnify Plaintiff with respect to future claims against Plaintiff relative to the Products, described in greater detail hereinabove.

63.     That this Court award any such other, further, and different relief as Plaintiff may be entitled to by law or equity.

## COUNT V – COMMON LAW INDEMNITY

## COASTAL NINGBO

64.     Plaintiff hereby adopts and incorporates paragraphs 1-45 of its Complaint, including all-subparagraphs, as specifically set forth hereinabove.

65.     The Product, described in greater detail hereinabove, was specified, engineered, designed, and manufactured by Coastal Ningbo.

66.     The Product was sold by Plaintiff under the private label PlumBest™, with Plaintiff providing Coastal Ningbo artwork for its trademark and Coastal Ningbo incorporating said artwork into its Product labels. Trademark artwork was Plaintiff's only contribution to the specification, engineering, design, and manufacturing of the Product.

67.    Any failures and/or claims of the Product are the result of the active negligence in the specification, engineering, design, and/or manufacture by Coastal Ningbo.

68.    Plaintiff is entitled to common law indemnity from Coastal Ningbo relative to any and all claim arising out of the sales or provision of the Product.

69.    Coastal Ningbo has refused to indemnify Plaintiff with respect to claims which have been asserted against Plaintiff relative to the Product.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jones Stephens Corp., respectfully requests that this Honorable Court grant the following relief:

70.    That this Court take jurisdiction of this cause;

71.    That this Court order, adjudge, and decree that Coastal Ningbo is to indemnify Plaintiff under common law all claims, suits, judgments, and settlements, interest and any and all other damages relative to the Products, described in greater detail hereinabove, which were paid by, or caused to be paid on behalf of, Plaintiff.

72.    That this Court order, adjudge, and decree that Coastal Ningbo is obligated to defend and indemnify Plaintiff with respect to future claims against Plaintiff relative to the Products, described in greater detail hereinabove.

73.    That this Court award any such other, further, and different relief as Plaintiff may be entitled to by law or equity.

Respectfully submitted,


Joshua L. Hartman (HAR370)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax


Brandon T. Walker (WAL193)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax


Stephen P. Springfield (SPR004)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax

To Clerk of the Court:

Plaintiff requests service of the Summons and Complaint upon Defendants as listed below by United States certified mail, restricted delivery, return receipt requested, pursuant to Fed. R. Civ. P. Rule 4:

Great American E & S Insurance Company
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE  19801

Gemini Insurance Company
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE  19801

Respectfully submitted,

Joshua L. Hartman (HAR370)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax

Brandon T. Walker (WAL193)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax


Stephen F. Springfield (SPR004)
HARTMAN, SPRINGFIELD & WALKER, LLP
Attorney for Plaintiff
Post Office Box 846
Birmingham, Alabama 35201-0846
(205) 879-0500
(205) 879-5903 fax