UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONES STEPHENS CORP.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:17-CV-00748-KOB |
| **COASTAL NINGBO HARDWARE** ] | |
| **MANUFACTURING CO., LTD,** *et* ] | |
| *al.*, ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION**

A simple question comes before the court in this convoluted insurance matter: did Plaintiff Jones Stephens Corp. properly serve Defendant Coastal Ningbo Hardware Manufacturing Co., LTD?

In its motion to dismiss, Coastal Ningbo, a corporation residing in China, contends that Jones Stephens did not properly serve it because Jones Stephens only served an individual in California who was not an agent authorized by Coastal Ningbo to receive service of process on its behalf. (*See* Doc. 105). So Coastal Ningbo asks the court to dismiss it from this case or, in the alternative, quash the defective service.

As further explained below, the court finds that Jones Stephens has not met its burden of showing that it properly served Coastal Ningbo because Jones

1

Stephens has only shown that it served Coastal Ningbo's U.S. mail forwarder—not its agent authorized to receive service of process. So the court will quash the defective service on Coastal Ningbo and afford Jones Stephens another opportunity to perfect service on that defendant.

I.   **STANDARD OF REVIEW**

Coastal Ningbo moves for dismissal under Federal Rule of Civil Procedure 12(b)(2), "lack of personal jurisdiction"; Rule 12(b)(5), "insufficient service of process"; and Rule 12(b)(6), "failure to state a claim upon which relief can be granted." Because the court will resolve Coastal Ningbo's motion on grounds of insufficient service of process, the court will only apply the Rule 12(b)(5) standard of review.

A Rule 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient service of process. To invoke the court's personal jurisdiction on a defendant requires service of process; so if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). And, when a defendant challenges service of process, the plaintiff bears the burden of showing that it properly served the defendant under Rule 4. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Business Credit, Inc. v.*

*Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

## II. BACKGROUND

From June 2007 to August 2015, Jones Stephens, an Alabama corporation, regularly purchased plumbing products from Coastal Ningbo in China and sold them in the United States. Coastal Ningbo allegedly maintained U.S. general liability insurance on any products it sold to Jones Stephens, named Jones Stephens as an additional insured party on its insurance policies, and agreed to defend and indemnify Jones Stephens against claims arising out of Coastal Ningbo's products.

Some unknown parties who are not involved in this case sued Jones Stephens for property damage allegedly caused by Coastal Ningbo's products that Jones Stephens sold in the U.S. But, according to Jones Stephens, Coastal Ningbo repudiated its obligation to defend and indemnify Jones Stephens against those claims. Jones Stephens also alleges that Coastal Ningbo and the other defendants in this case—Coastal Ningbo's insurance carrier, Great American E&S Insurance Co., and the insurance brokers and agents involved in negotiating the insurance coverage, New Century Insurance Services, Inc., and AmWINS Insurance Brokerage of California, LLC—conspired to retroactively modify the Great American insurance policies to exclude Jones Stephens from coverage under those policies.

Jones Stephens filed its complaint in this case on May 9, 2017. At first,

Jones Stephens unsuccessfully sought to serve Coastal Ningbo in China through the Hague Convention. Then, during the course of discovery with Great American, Jones Stephens learned that Coastal Ningbo's "U.S. Administrator," Wen Chen Liao, lived in California. So Jones Stephens served Mr. Liao copies of Coastal Ningbo's summons and the amended complaint at his residence in California on September 28, 2018. (*See* Doc. 84).

Coastal Ningbo responded to the amended complaint by filing a motion to dismiss. (Doc. 105). The other defendants also moved to dismiss the amended complaint. The court granted in part and denied in part the other defendants' motions to dismiss and deferred ruling on Coastal Ningbo's motion to dismiss because of Coastal Ningbo's unique personal jurisdiction and service of process arguments. (*See* Docs. 114 and 115).

The court next addresses Coastal Ningbo's contention of insufficient service of process. In doing so, the court finds that Jones Stephens did not properly serve Coastal Ningbo and the court has no need to address Coastal Ningbo's other arguments for dismissal.

### III. DISCUSSION

As the court mentioned above, Jones Stephens has the burden of showing that it properly served Coastal Ningbo. *See Reeves*, 542 F. App'x at 746 (citing *Aetna*, 635 F.2d at 435).

4

Jones Stephens contends that it properly served Coastal Ningbo under Federal Rule of Civil Procedure 4(h)(1)(B). Rule 4(h)(1)(B) provides that a plaintiff may serve a foreign corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" in any judicial district of the United States.

Jones Stephens asserts that Mr. Liao, who Jones Stephens served at his residence in California, is such an agent authorized by Coastal Ningbo to receive service of process on its behalf.

At all times relevant to this matter, Mr. Liao worked as a customer service representative for New Century. (Doc. 112 at 88). New Century's precise relationship with Coastal Ningbo remains unclear to the court. Jones Stephens only vaguely alleges that New Century was one of "the insurance brokers and agents involved in negotiating the insurance coverage made the basis of this action and negotiating the exclusion which ultimately forms the basis of this action." (Doc. 68 at ¶ 4). And the short excerpt of Mr. Liao's deposition on the record only establishes that Coastal Ningbo was New Century's client. (Doc. 112 at 86–91).

But Mr. Liao's deposition establishes the limited nature of his relationship with Coastal Ningbo. New Century assigned Mr. Liao to serve as "U.S. Administrator" for Coastal Ningbo. (Doc. 112 at 89–90). No evidence shows that

5

he ever worked directly for Coastal Ningbo. As "U.S. Administrator," Mr. Liao was responsible for forwarding Coastal Ningbo's mail delivered to his personal address in California, coordinating inspections with Coastal Ningbo, "corresponding with audits, inspections, and claims" with Coastal Ningbo, and "acted as a bridge" between Coastal Ningbo and its insurance carrier. (*Id.* at 89, 91). New Century paid Mr. Liao $250 annually to serve as U.S. Administrator. (*Id.* at 90).

But no evidence exists that Coastal Ningbo authorized Mr. Liao to receive service of process on its behalf. Rather, Mr. Liao testified several times at his deposition that he only forwarded Coastal Ningbo's mail: "[n]ot involvement [with audits], all forwarding"; "I was given the . . . instruction and then . . . I just need to—basically just forwarding"; "I just need to forward[] the information bridging the . . . carrier and then the client's side. And then I don't need to do anything except forwarding"; "I received mails, but . . . I don't read them. I don't open them"; and "[s]o basically when I have mail, I just forward them." (*Id.*).

So, Jones Stephens has *only* established that Mr. Liao forwarded mail to Coastal Ningbo. But Jones Stephens's burden requires more; Jones Stephens must show that Coastal Ningbo *authorized* Mr. Liao to receive service of process on its behalf. *See* Fed. R. Civ. P. 4(h)(1)(B); *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) ("'Absent

6

consent, this means there must be *authorization* for service of summons on the defendant.'") (emphasis in original) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Jones Stephens *could* satisfy its burden by showing, for example, that Coastal Ningbo told Mr. Liao that he could accept service on its behalf; that Coastal Ningbo authorized New Century to direct Mr. Liao to accept service on its behalf; that Mr. Liao was an officer at Coastal Ningbo; or that Mr. Liao notified Coastal Ningbo of this lawsuit. *See, e.g., Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1238–39 (11th Cir. 2000) (finding that the plaintiff properly served the defendant corporation by serving its president); *Vlahos v. Frederick J. Hanna & Assocs., P.C.*, 430 F. Supp. 2d 1375, 1377 (N.D. Ga. 2006) (finding that the person who the plaintiff served was more likely an agent of the defendant corporation because that person did, in fact, notify the defendant of the lawsuit); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D. Fla. 1993) (finding that the plaintiff failed to serve the defendant corporation by serving its "file maintenance leader," a "clerical staff employee"); *Muhammad v. HSBC Bank USA, Nat. Ass'n*, 2010 WL 2573550, at *2 (S.D. Ala. June 9, 2010) ("Simply mailing a certified envelope containing the summons and complaint to [the defendant corporation's attorney] is clearly not sufficient to satisfy the service of process requirements set forth in Rule 4."). Jones Stephens has made none of these or similar showings.

A mail forwarder is not automatically an agent authorized to receive service of process on behalf of its principal. So Jones Stephens has failed its burden of showing that it properly served Coastal Ningbo.

Having found service on Coastal Ningbo lacking, the court "has broad discretion either to dismiss [Coastal Ningbo] or quash the defective service and afford [Jones Stephens] an opportunity to effect valid service." *James v. City of Huntsville, Ala.*, 2015 WL 3397054, at *5 (N.D. Ala. May 26, 2015). Jones Stephens's efforts to serve Coastal Ningbo in China through the Hague Convention appear ongoing. So the court will quash the defective service on Mr. Liao and allow Jones Stephens to continue to pursue service on Coastal Ningbo through the Hague Convention or any other method authorized by the Federal Rules of Civil Procedure.

## IV. CONCLUSION

By separate order, the court will **GRANT IN PART** Coastal Ningbo's motion to dismiss (doc. 105) to the extent that it asks the court to quash Jones Stephens's purported service on Coastal Ningbo. The court will **QUASH** service on Coastal Ningbo and allow Jones Stephens to continue to pursue service on Coastal Ningbo through the Hague Convention or any other method authorized by the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 7th day of June, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE